```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

TYGRIS ASSET FINANCE, INC.,      )
etc.,                            )
                                 )
               Plaintiff,        )
                                 )
     v.                          )     No.  09 C 5905
                                 )
PHYSICIANS ONE SLEEP CENTER, LP, )
et al.,                          )
                                 )
               Defendants.       )
```

MEMORANDUM OPINION AND ORDER

Tygris Asset Finance, Inc. ("Tygris") has sued (1) Physicians One Sleep Center, LP ("Physicians One") for its asserted breach of an equipment lease and (2) Quality Infusion Care, Inc. ("Quality Infusion") for its claimed breach of a guaranty regarding the same equipment lease, with federal subject matter jurisdiction being predicated on diversity of citizenship. This memorandum opinion and order is issued sua sponte to address a problematic aspect of the Complaint's jurisdictional allegations.

No such difficulty is posed as to the corporate parties: Complaint ¶1 sets out both facets of Tygris' corporate citizenship under 28 U.S.C. §1332(c)(1), while Complaint ¶3 does the same as to Quality Infusion.  Where the Complaint falls down, however, is in its failure to peel off all the layers of the onion as to Physicians One in Complaint ¶2.

As Physicians One's name indicates, it is a limited

partnership, so that the allegations in Complaint ¶2 as to its state of formation and the location of its principal place of business are wholly irrelevant for jurisdictional purposes. Thus the only potentially relevant allegation in that paragraph is one that identifies its _general_ partner as Physicians One Sleep Center GP, L.L.C. There are three problems with that limited[1] information:

    1. Nearly two decades have elapsed since the Supreme Court made it clear in <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990) that the relevant citizenship for a partnership (including a limited partnership such as Physicians One) is that of _all_ partners.

    2. Where as here a limited liability company is also in the mix, once again the states of citizenship of _all_ of its members are relevant for jurisdictional purposes and hence must be alleged--a principle announced in a host of cases such as <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006).

    3. To the extent that any of the partners or members referred to in paragraphs 1 and 2 are individuals, the relevant jurisdictional facts look to the states of _citizenship_ and not the _residence_ of those individuals (in this instance Complaint ¶2 identifies Jim Rutherford as the

---

[1] Bad pun intended.

manager of the limited liability company, but it specifies only his Texas residence).

As to the last of those flaws, our Court of Appeals has issued numerous opinions that direct the dismissal of an action that purports to be based on diversity of citizenship but refers to the individuals' residence instead (see, e.g., Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)). This Court, however, is loath to stick a plaintiff or its counsel with the burden of preparing and filing a new lawsuit, with the concomitant cost of another $350 filing fee, if it seems that the defect or defects-- though jurisdictional--might readily be cured.[2]

Accordingly this Court grants Tygris' counsel until October 6, 2009 to file (with a hard copy to be delivered contemporaneously to this Court's chambers) an amendment to the Complaint[3] that cures the several defects identified here. If that is not timely done, of course, this Court would be

---

[2] Because of the limited scope of this opinion, this Court has made no effort to speak to any substantive issues that may be posed by the Complaint, such as the question whether the Default and Remedies provisions of the equipment lease may be vulnerable to a claim that they call for payment of an unenforceable penalty.

[3] It is unnecessary for counsel to file a full-fledged self-contained Amended Complaint.

constrained to dismiss this action for lack of subject matter jurisdiction.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date:   September 24, 2009